## In re WASHINGTON PUBLIC POWER SUPPLY SYSTEM SECURITIES LITIGATION.

### No. 551.

Judicial Panel On Multidistrict Litigation.

Aug. 5, 1983.

Before ANDREW A. CAFFREY, Chairman, ROY W. HARPER,* CHARLES R. WEINER, EDWARD S. NORTHROP, ROBERT H. SCHNACKE,* FRED DAUGHERTY, and SAM C. POINTER, Jr., Judges of the Panel.

## TRANSFER ORDER

### PER CURIAM.

This litigation consists of thirteen actions pending in two districts: eleven actions in the Western District of Washington and two actions in the Southern District of New York. Presently before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in six Washington actions, to centralize the actions in this litigation in the Western District of Washington for coordinated or consolidated pretrial proceedings. Six defendants have cross-moved to centralize the actions in the Southern District of New York.[1] In addition to mov-ants, plaintiffs in two Washington actions and 82 defendants favor transfer to the Western District of Washington. In addition to cross-movants, four defendants and plaintiffs in the two New York actions, who are also plaintiffs in two Washington actions, favor transfer to the Southern District of New York. No responding party has opposed centralization.

On the basis of the papers filed and the hearing held, the Panel finds that these thirteen actions involve common questions of fact and that centralization under 28 U.S.C. § 1407 in the Western District of Washington will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All the actions before the Panel involve alleged violations of securities laws arising from the issuance and sale by the Washington Public Power Supply System (WPPSS) of "Nuclear Projects 4 and 5 Generating Facilities Revenue Bonds C" (WPPSS 4 & 5 bonds) to finance the construction of two nuclear power generating facilities (Nuclear Projects 4 & 5) in the State of Washington. Moreover, overlapping class certifications have been sought in all thirteen actions. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

The Western District of Washington is clearly the preferable transferee district. We recognize that several important defendants in this litigation are located in Philadelphia or New York City, and accordingly some key witnesses and documents will be found in those two cities. Nevertheless, we are persuaded that the Pacific Northwest, and particularly the State of Washington, is the center of gravity of this litigation and the focal point for discovery.

---

* Judge Roy W. Harper recused himself and took no part in the decision of this matter. In addition, Judge Robert H. Schnacke took no part in the decision of this matter.

1. The Panel has been advised of the pendency of several related actions not included on the Section 1407 motion or cross-motions. These actions will be treated as potential tag-along actions. *See* Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278–80 (1981).

**1252**

In this regard, we note that 1) WPPSS, the issuer of the WPPSS 4 & 5 bonds, has its headquarters in the State of Washington; 2) the construction sites for Nuclear Projects 4 & 5 are located in the State of Washington; 3) numerous acts and transactions alleged in the complaints—in particular those acts and transactions pertaining to the planning, construction and termination of Nuclear Projects 4 & 5—purportedly occurred in the Pacific Northwest; 4) the majority of defendants in these actions reside in the Pacific Northwest; and 5) eleven of thirteen actions before the Panel are already pending in the Western District of Washington.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in the Southern District of New York be, and the same hereby are, transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Richard M. Bilby from the District of Arizona, sitting in the Western District of Washington pursuant to an intracircuit assignment under 28 U.S.C. § 292(b), for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

### SCHEDULE A

#### Southern District of New York

*Moise Katz v. R.W. Beck and Associates, et al.,* C.A. No. 83 Civ 1715

*Paul J. Bonseigneur v. R.W. Beck and Associates, et al.,* C.A. No. 83 Civ 1758

#### Western District of Washington

*David Gold v. R.W. Beck and Associates, et al.,* C.A. No. C83–232

*Rosalyn Mirotznik v. Washington Public Power Supply System, et al.,* C.A. No. C83–295

*Morris Massry v. Washington Public Power Supply System, et al.,* C.A. No. C83–296

*Moise Katz v. Public Utility District No. 1 of Benton County, et al.,* C.A. No. C83–298

*Paul J. Bonseigneur v. Public Utility District No. 1 of Benton County, et al.,* C.A. No. C83–299

*Dr. Joseph Harris, etc. v. Blyth Eastman Paine Webber Inc., et al.,* C.A. No. C83–300

*Henry Puchall, etc. v. Washington Public Power Supply System, et al.,* C.A. No. C83–305

*Dr. Howard Sheldon, etc. v. Blyth Eastman Paine Webber Inc., et al.,* C.A. No. 83–307

*Jack Schroeder v. Washington Public Power Supply System, et al.,* C.A. No. C83–359

*Leonard Laub v. Wood & Dawson, et al.,* C.A. No. C83–370

*Louis Brazen v. Washington Public Power Supply System, et al.,* C.A. No. C83–578